WESTERN DIST.
October, 1831.

SYNDICS OF
MORGAN
vs.
DAVENPORT'S
HEIRS ET ALS.

---

### SYNDICS OF MORGAN *vs.* DAVENPORT'S HEIRS ET ALS.

#### SAME *vs.* PAVIE ET ALS.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE FIFTH PRESIDING.

Where two partners in trade, agree on a partition of their partnership property, and to wind up their business, and one of them sells to the other all his interest in the concern, which consists of debts due to the partnership, &c., he guarantees to the vendee, not only the solvency of the debtors, but is bound in warranty to make good the loss occasioned by their insolvency.

Co-heirs after partition, remain warrantors to one another, for any trouble and eviction, which proceeds from causes anterior to the partition; and guarantee, that the debtors of the succession, are solvent the time the debts become due. The same rules and obligations apply to partners in trade.

WESTERN DIST.
*October* 1831.

SYNDICS OF
MORGAN
*vs.*
DAVENPORT'S
HEIRS ET ALS.

And where in any partition, sale, exchange, or transaction, between co-heirs or partners in trade, which has for its object, the division of the community or partnership property, if the vendee, or any of them suffers lesion of more than one-fourth of the true value of the thing; he can cause the rescission of the partition, transaction, &c.; and compel the vendors or other co-heirs or partners to make good the loss.

So in a sale from one partner to another, of property, made *communi dividendo*, the vendee is not presumed to take the property at his risk, unless he expressly assume it, and if he suffers lesion of one-fourth, he has his action of rescission.

In the year 1808, John Cortes, of Natchitoches, and Benjamin Morgan, of New-Orleans, commenced business in partnership, which was conducted in the name of the former, in the town of Natchitoches.

In 1819, they dissolved the partnership. Cortes agreed to pay the debts of the firm, amounting to upwards of ten thousand dollars, and receive the debts due the firm, amounting to eighty-eight thousand three hundred and fourteen dollars, according to the books. Allow Morgan his private account, and he executed his two notes, dated March 13th, 1819, to Morgan for seven thousand six hundred and ninety-one dollars and eighteen cents, and two thousand six hundred and ninety-one dollars and nineteen cents, payable in one and two years, with Samuel Davenport as surety. Thus it was agreed that Cortes should pay the debts of the firm, and receive the balance due it, for his portion; and Morgan be allowed his private account with the firm, and the two notes of Cortes, amounting to ten thousand three hundred and eighty-two dollars and thirty-seven cents, with Davenport as surety, for his share of the concern.

In 1829, Morgan being insolvent, and dead, his syndics instituted suit on the two notes given by Cortes, with Davenport as surety, in the District Court; and also in the Probate Court on the same notes, and another for five thousand dollars executed by Cortes alone, for a house and lot in Natchitoches, on which a mortgage was retained. John Cortes being also deceased, the suit was instituted against his executors. The plaintiffs prayed judgment in the District Court, against Cortes

WESTERN DIST.
October, 1831.

SYNDICS OF
MORGAN
vs.
DAVENPORT'S
HEIRS ET ALS.

and the heirs of Davenport, for ten thousand three hundred and eighty-two dollars and thirty-seven cents and interest; and against the executors of Cortes, in the Probate Court for fifteen thousand three hundred and eighty-two dollars and thirty-seven cents, the amount of all the notes, and for the enforcement of the mortgage. The parish judge being a brother-in-law of Cortes, recused himself, the cause was transferred to the District Court, and cumulated with the other.

It turned out, that of the amount of debts due the firm, there was thirty-two thousand seven hundred and twenty-five dollars of bad debts, so that Cortes suffered lesion or loss of more than one-fourth in the transaction with Morgan. His representatives in their answer, prayed that the transaction with Morgan, might be rescinded, and the money which Cortes had paid on the notes he executed to Morgan, be returned, amounting to seven thousand two hundred and twenty dollars, after deducting the one of five thousand dollars, which was given for a house and lot.

The district judge decided, that the debts Cortes took, and the fact that he believed them good and solvent, and which he accepted as such, was not a renunciation of the warrant, which followed the partition of debts and rights between the partners. Civil Code, p. 400, art. 60, and p. 204, art. 242.

There was judgment rescinding the transaction and cancelling the notes, and in favor of Davenport's heirs for costs: and for Cortes' heirs in re-convention for seven thousand two hundred and twenty dollars and costs.

Boyce, for the plaintiffs, contended:

1. That in the sale and transfer of debts of a partnership, the only warranty implied in the law, is the existence of the debts, and not their solvency. That it is in mere matters of partition among co-heirs, that they become responsible in implied warranty, not only for the existence of the property or debts, but its reality and solvency. Civil Code, page 368, art. 125-6. Ibid, page 204, art. 242.

WESTERN DIST.
*October*, 1831.

SYDICS OF
MORGAN
*vs.*
DAVENPORT'S
HEIRS ET ALS.

2. If this transaction consisted of a sale of debts and the merchandise inventoried, then there was no warranty of the solvency of the debts, for there was none stipulated. *Civil Code, p.* 368, *art.* 126–7.

3. And if in construing the nature of this contract, it were granted that it was a partition, it does not follow that a rescission could be had on account of lesion in a mere commercial partnership, for it is governed by commercial usages and commercial law. *Civil Code, page* 400, *art.* 61.

4. But this was clearly a contract of sale, for Cortes agreed to give Morgan ten thousand dollars for his interest, besides allowing him his private account ; and to pay the debts. He considered the debts and property of the concern, from that time, his own. He complained not of lesion. Lesion is allowed in partition, because it is considered a mistake of calculation, and that the object of the parties is supposed to be a perfect division of the effects. 4 *Touillier, no.* 570.

5. Even had this been a partition instead of a sale, and subject in the first instance to rescission, Cortes ratified it by his frequent promises, and voluntarily executing it in part.

6. The judgment of the District Court is grounded upon a supposed error of law, under which the defendants labored. If it were so, it might serve to protect him, but could give no right to recover from the plaintiffs.

7. Had there been ground for rescission it ought to have been prayed for within ten days, to avail the party invoking it. 4 *Touillier, page* 574, *no.* 584.

*Rost* and *Bullard*, for the defendants.

1. The two first notes signed by Cortes and Davenport were given in part consideration of the sale which Morgan made to Cortes, in 1819, of all his rights and interest in the commercial partnership between them.

2. That sale took place to effect a partition between Cortes and Morgan, and to put an end to the community of the partnership property. It was not made at the peril and risk of the purchaser ; for the risk and peril cannot rest exclusively on the purchaser without an express agreement to that effect.

HARVARD LAW SCHOOL LIBRARY.

WESTERN DIST.
October, 1831.

SYNDICS OF
MORGAN
vs.
DAVENPORT'S
HEIRS ET ALS.

3. In that transaction John Cortes suffered lesion of more than one-fourth, and indeed of more than one-half of the whole amount of his share.

4. The payments he had made on account of his notes to Morgan, amounting to upwards of eleven thousand dollars, were made in error, and the plaintiffs cannot, under any circumstances, claim interest on the amount of the note.

5. It is an unquestionable principle in law, that warranty of some sort or other is implied in every contract having for its object the alienation of property of every kind.

6. That every alienation of whatever may form the object of a sale or exchange is made at the risk of the vendor under various modifications. If the vendor wishes to exempt himself from all ultimate risk, it is clear he must so express himself in the contract.

7. That every first settlement between heirs or partners by which a state of indivision is terminated, whatever form of contract be adopted, is in substance a partition, and subject to all the rules which govern partitions, and particularly liable to rescission for lesion beyond one-fourth.

8. That every transfer or sale of all the rights of one co-heir to the other is liable to rescission for the same cause, unless the purchaser has expressly taken all the risk on himself.

9. That in point of fact, such was the character of the settlement between Cortes and Morgan, and that enormous lesion has been shown.

*Mathews, J.* delivered the opinion of the court.

In this case, the syndics representing the estate of Benjamin Morgan, deceased, claim a balance on three notes—two amounting to ten thousand three hundred and eighty-two dollars and thirty-seven cents, executed jointly by Cortes and Davenport; and one for five thousand dollars, made by Cortes alone. On these notes, the evidence clearly shows a balance remains due and unpaid. But the defendants deny the legality and justness of the consideration for which they were given, and plead in re-convention, claiming a considerable

sum of money as due to Cortes, from Morgan's estate, on a fair settlement of accounts as they stood between these parties at the time the two notes for ten thousand three hundred and eighty-two dollars and thirty-seven cents, were given by Cortes and Davenport to the payee. This defence is sustained by the court below, and judgment was rendered in favor of the succession of Cortes (he being then dead) on the plea of re-convention against the estate of Morgan for a large sum ; from which the plaintiffs appealed.

WESTERN DIST.
October, 1831.

SYNDICS OF
MORGAN
vs.
DAVENPORT'S
HEIRS ET ALS.

We assume it as true that the facts of the case justify the judgment of the District Court, if that tribunal was correct in the opinions which governed it in relation to questions of law.

The evidence shows that Morgan and Cortes had been for many years previous to 1819, co-partners in trade in a commercial establishment in the town of Natchitoches. That in the month of February of the year last mentioned, an inventory was made by Cortes, assisted by James Locard on the part of Morgan, of all the property then belonging to that concern, consisting of debts due to the partners and the merchandise on hand. This inventory showed a large amount of profits, and was made with a view to a partition between the partners. Instead, however, of dividing in kind, Morgan sold out his interest to Cortes for ten thousand dollars, which was to be paid according to the notes of the latter, given jointly with Davenport. It is further shown by the evidence, that the profits assumed in the inventory, proved to be in a great degree illusory, in consequence of the insolvency of the greater number of the debtors to the partnership ; thereby reducing the common stock to a much smaller sum than was imagined at the time Cortes purchased from Morgan his interest.

The questions of law arising from these facts are to be solved principally by the provisions of our old Civil Code relating to partitions ; the most important of which is to ascertain whether a vendor of his interest in an undivided property is bound in warranty to the vendee ; and is under such warranty obliged to answer for loss occasioned by the insolvency of debtors, whose debts were included in the sale.

Where two partners in trade agree on a partition of their partnership property, and to wind up their business, and one of them sells to the other all his interest in the concern, which consists of debts due to the partnership, &c., he guarantees to the vendee, not only the solvency of the debtors, but is bound in warranty to make good the loss occasioned by their insolvency.

WESTERN DIST.
October, 1831.

SYNDICS OF
MORGAN
vs.
DAVENPORT'S
HEIRS ET ALS.

Co-heirs after
partition, remain
warrantors to
one another, for
any trouble and
eviction, which
proceeds from
causes anterior
to the partition ;
and guarantee,
that the debtors
of the succes-
sion, are solvent
the time the
debts become
due. The same
rules and obli-
gations apply to
partners in trade.

*The article 239, page 204,* of the old *Civil Code,* declares that co-heirs of the partition, remain respectively warrantors, one towards the other, for the trouble and evictions, which proceed from a cause anterior to the partition. *Article 242,* of *the same page,* states, that warranty between co-heirs has two different effects, according to the two kinds of property which may exist in the succession. One composed of things which really exist in nature. The other of active debts and other rights ; and with respect to these, they are not only guaranteed as belonging to the succession, but such as they appear to be ; that is to say, as being effectually due to the succession, and by debtors, solvent at the time of partition ; and who shall be so when the debt will become payable, &c. *Article 243,* the warranties explained in the foregoing articles, exist of right and would be implied, and the heirs bound to them reciprocally though no such thing should have been expressed in the partition, &c.

These appear to be the principal warrantees between co-heirs, in a partition as established by the code, the rules of which are also applicable to the present case, according to the *article 60,* found at *page 400,* of that authority, where it treats of the different manners in which partnerships end.

And where in
any partition,
sale, exchange,
or transaction,
between coheirs
or partners in
trade, which has
for its object,
the division of
community or
partnership pro-
perty, if the ven-
dee, or any of
them suffers le-
sion of more
than one-fourth
of the true value
of the thing; he
can cause the
rescission of the
partition, trans-
action, &c.; and
compel the ven-
dors or other co-
heirs or partners
to make good
the loss.

*The article 250, page 206,* enumerates the causes which authorise the rescission of a partition ; among which lesion of more than one-fourth part of the true value of the thing is one ; and that on which the defendants' mainly rely. *Article 253,* provides that this action of rescission takes place, not only against all acts bearing the title of partition, but even against all those which tend to the *division* of the property between the co-heirs, whether such acts be entitled sales, exchanges, transactions, or otherwise.

But according to *article 254,* this action is not admitted against a sale of hereditary rights, made without fraud to one of the heirs, and at his risk by the other co-heirs, or any of them.

As we have already shown by the *article 60, page 400, of the Code,* that the rules concerning the partition of inheritances, apply to ordinary partners ; and as there is nothing

WESTERN DIST.
October, 1831.

produced, which excludes from the same rules, partitions made by commercial partners, the sole question which remains in this case, is to ascertain, whether in a sale from one partner to another, made *communi dividendo*, the vendee is presumed to take the property, purchased at his risk? and consequently has no claim in warranty against the vendor.

This question seems to have attracted the attention of the commentators on the Code Napoleon, in relation to articles of that code, similar to those cited from our old Civil Code: And one of them (held in high repute as a lawyer) declares it as his opinion, that risks must be expressly assumed by the vendee, in case of sale by co-heirs: *See* 4 *Merlin, verbo droit succession.* This we believe to be a correct interpretation of the rules relating to the partition of successions. And as partitions between all partners, are subject to the same rules, it follows as a necessary consequence, that they must be governed by the same interpretation. In the sale now under consideration, which was made to effect a division of the common property of Morgan and Cortes, the latter, who was the vendee, did not expressly take on himself, the risk of the solvency of their debtors. And having shown lesion in the sale, above one-fourth, ought to be relieved against it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be affirmed with costs.